IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAN A. PETERSON,

    Plaintiff,

v.                                       Civil Action No. 5:06CV106
                                                      (STAMP)
BRIAN PRICE, MICHELLE SPEARS,
DOMINIC A. GUTIERREZ, SUSAN
McCLINTOCK, MAVIS HOLYFIELD,

    Defendants.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORTS AND
RECOMMENDATIONS OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se plaintiff, Allan A. Peterson, is a federal inmate incarcerated at the Federal Correctional Institution ("FCI") in Morgantown, West Virginia. The plaintiff commenced this civil action by filing a complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), in which he alleges that the defendants have violated his First Amendment rights "by failing to provide him with a kosher diet at FCI, Morgantown." (Compl. 6.) The plaintiff names five FCI Morgantown employees as defendants: Warden, Dominic Gutierrez; Associate Warden, Susan McClintock; Chaplain, Brian Price; Food Services Administrator, Michelle Spears; and Unit Manager, Mavis Holyfield. As relief, the plaintiff seeks a jury trial, a preliminary injunction reinstating him to the kosher food program, and an award of compensatory damages in the amount of $2.5 million. Contemporaneously with his

complaint, the plaintiff filed a motion for preliminary injunction seeking an order directing the defendants to reinstate him to the kosher food program at FCI Morgantown.

The case was referred to United States Magistrate Judge John S. Kaull for initial review and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.02 and 28 U.S.C. §§ 1915(e) and 1915A. Magistrate Judge Kaull determined that summary dismissal of the complaint was not appropriate at that time and ordered the defendants to show cause why the plaintiff should not be granted an expedited hearing on the claims raised in his motion for injunctive relief. After the defendants filed timely responses, the plaintiff filed a notice informing the Court that he had been reinstated to the kosher diet program. The defendants then filed a motion to dismiss the plaintiff's request for injunctive relief as moot to which the plaintiff objected. Magistrate Judge Kaull granted the defendants' motion and dismissed the plaintiff's motion for injunctive relief as moot.

Subsequently, the defendants filed a motion to dismiss, or in the alternative, a motion for summary judgment to which the plaintiff responded in opposition. Additionally, the plaintiff filed a motion for preliminary injunction in which he requests an order transferring him to another federal institution. Magistrate Judge Kaull issued a report and recommendation denying the motion

2

for preliminary injunction. The plaintiff filed objections to the report and recommendation.

Thereafter, following consideration of the defendants' motion to dismiss, or in the alternative, for summary judgment and the plaintiff's response and supplemental responses thereto, Magistrate Judge Kaull issued a report and recommendation recommending that the defendants' motion to dismiss, or in the alternative, for summary judgment be granted and the plaintiff's complaint be dismissed with prejudice. The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of this report. The plaintiff filed objections.

## II. Facts

This Court believes that a full reiteration of the facts in this case is unnecessary here. Accordingly, this Court relies on the detailed recitation of facts provided in sections II, III and IV of Magistrate Judge Kaull's report and recommendation. An abbreviated review of the relevant facts follows below.

In his complaint, the plaintiff alleges that "on March 23, 2006, and on April 11, 2006, the institution simulated a mock lockdown of the entire prison, and gave every prisoner a non-kosher bag lunch meal." (Compl. 6.) The plaintiff says that when he complained about the non-kosher lunches, Associate Warden McClintock and Food Services Administrator Spears told him that "no

3

kosher meal bag lunch would be prepared for him or any other prisoner." Id. The plaintiff thereafter filed an Administrative Remedy Request regarding the incident. He claims that following his administrative complaint, Chaplain Brian Price retaliated against him in violation of his constitutional right to free exercise of religion by removing him from the kosher meal plan. The defendants contend that the plaintiff was removed from the kosher diet program because in February and March 2006 he violated the terms of the program by purchasing non-certified food items from the commissary.

Plaintiff alleges that Warden Dominic Gutierrez is "responsible for the actions of violating Plaintiff's First Amendment Constitutional Right through his staffs (sic) actions and by his decision in this matter." (Id. at 2.) Finally, plaintiff argues that the Unit Manager Mavis Holyfield violated his Constitutional rights, "by not resolving the issue at the level of the Informal Resolution on 5/30/2006 when the opportunity was there to correct the Constitutional violation when Plaintiff was not reinstated" to the certified processed food component of the Alternative (or Religious) Diet Program. (Id.)

### III. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those

4

portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a de novo review as those portions of the reports and recommendations to which the plaintiff objected. The remaining portions of the reports and recommendations to which the plaintiff did not object will be reviewed for clear error.

## IV. Discussion

A. Report and Recommendation on Plaintiff's Motion for Preliminary Injunction

On April 19, 2007, the plaintiff filed a motion styled "Motion for Preliminary Injunction" in which he requests that he be transferred to another institution. Magistrate Judge Kaull construed the motion as a motion for transfer and recommended that this motion be denied because the Court does not have authority to grant the relief sought. In his objections to the magistrate judge's recommendation, the plaintiff requests that, instead of ordering a transfer to another institution, this Court should order that the plaintiff be removed from the Special Housing Unit ("SHU") and be returned to the general prison population.

This Court affirms and adopts the report and recommendation of the magistrate judge that the plaintiff's motion for a preliminary injunction be denied because the motion is now moot. Since the

5

magistrate judge ruled on the preliminary injunction motion, the plaintiff has been transferred from FCI Morgantown to FPC Montgomery, Alabama. A federal court has no authority to "give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Church of Scientology of California v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895)). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982)(quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980)). For instance, a claim becomes moot when "the claimant receives the relief he or she sought to obtain through the claim." Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002).

In this case, the plaintiff has received the transfer requested in his "motion for preliminary injunction." Accordingly, the plaintiff's motion for a preliminary injunction is denied as moot.

B. Report and Recommendation on the Complaint

1. Claims Against Dominic Gutierrez and Susan McClintock

Magistrate Judge Kaull recommends that the plaintiff's complaint against Warden Gutierrez and Associate Warden McClintock in their official and individual capacities be dismissed for two

6

reasons: (1) the plaintiff's official capacity claims are barred by the doctrine of sovereign immunity and (2) the plaintiff has failed to allege sufficient personal involvement to establish personal liability. The plaintiff objects that Gutierrez and McClintock should not be able to avail themselves of the "qualified immunity defense" because they knew or should have known that they were acting outside of the law. The plaintiff also objects that Gutierrez and McClintock had personal involvement in this case because "they knew Plaintiff seeked (sic) relief at their mercy" and because "nothing was done by the Wardens" to correct the alleged violation of BOP policy committed by Chaplain Price when he had the plaintiff take a "written examination interview" following the plaintiff's request for reinstatement.

Following a de novo review, this Court agrees with the recommendation of the magistrate judge. First, the plaintiff's objection regarding the defendants' inability to raise the "qualified immunity defense" is without merit. The magistrate judge determined that sovereign immunity, not qualified immunity,[1] is a bar to the plaintiff's official capacity claims against Gutierrez and McClintock. Plaintiff's official capacity claims for damages from federal officials Gutierrez and McClintock are treated as being against the United States of America. See Dugan v. Rank,

---

[1] Qualified immunity shields government officials preforming discretionary function from personal capacity liability for damages. Harlow v. Fitzgerald, 457 U.S. 800 (1982).

7

372 U.S. 609 (1963). Because the United States, as a sovereign, is immune from suit unless it consents to be sued, the plaintiff's claims for damages against Gutierrez and McClintock in their official capacities are barred by sovereign immunity.

The plaintiff's second objection is also unavailing. This Court agrees with the conclusion of the magistrate judge that the plaintiff has failed to allege sufficient personal involvement to sustain claims for damages against Gutierrez and McClintock in their personal capacities. A plaintiff may file suit pursuant to <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for damages arising from a violation of the plaintiff's constitutional rights by persons acting under the color of federal law. However, to be successful in a <u>Bivens</u> action, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights. <u>See</u> <u>Mueller v. Gallina</u>, 137 Fed. Appx. 847, 850 (6th Cir. 2005). Some sort of personal involvement on the part of the defendant and a causal connection to the harm alleged must be shown. <u>See</u> <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986). This is particularly true in a <u>Bivens</u> action where "liability is personal, based upon the defendant's own constitutional violations." <u>Trulock v. Freeh</u>, 275 F.3d 391, 402 (4th Cir. 2001).

In this case, the plaintiff has failed to allege any personal involvement on the part of Warden Gutierrez and Associate Warden

McClintock.  Rather, the plaintiff appears to rely on a theory of respondeat superior, which cannot form the basis of a claim for violation of a constitutional right in a Bivens case.  See Dean v. Gladney, 621 F.2d 1331, 1335-37 (5th Cir. 1980)(rejecting respondeat superior as a basis for liability in Bivens actions); Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)(rejecting respondeat superior as a basis for liability in Bivens-type actions brought pursuant to 42 U.S.C. § 1983).

Additionally, the plaintiff has not shown that any inaction on the part of Warden Gutierrez and Associate Warden McClintock, in their capacity as supervisors, constituted deliberate indifference to or tacit authorization of the alleged wrongful removal of the plaintiff from the kosher diet program.  See Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990)(recognizing supervisory liability in § 1983 actions where liability is based "not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury").  Indeed, as noted by the magistrate judge, McClintock was instrumental in changing the policy and procedures of Food Services so that inmates on the common-fare diet now receive kosher meal bags during lockdown exercises.  The fact that the Warden and Associate Warden denied the plaintiff's request for an administrative remedy as to Chaplain Price's alleged violation of BOP policy does not constitute

indifference to the plaintiff's constitutional rights. Rather, the plaintiff's request was considered by the defendants and denied on the merits. Accordingly, the plaintiff's claims against Warden Gutierrez and Associate Warden McClintock must be dismissed.

2.  Claims Against Mavis Holyfield

The plaintiff alleges that Unit Manager, Mavis Holyfield violated his constitutional rights by failing to informally resolve his removal from the certified processed food component. Magistrate Judge Kaull determined that the plaintiff failed to allege sufficient personal involvement to sustain a claim against Holyfield in her personal capacity.[2] The plaintiff does not object to this finding.

Again, in order to maintain a Bivens action, the plaintiff must show personal involvement by the defendants. As against Holyfield, the plaintiff has failed to establish the necessary personal involvement. Indeed, the authority to remove inmates from and reinstate them to the program was delegated by the Warden to Chaplain Price. See 28 U.S.C. § 548.20(b). Holyfield had no part in the decision to remove the plaintiff from the kosher diet program and she had no authority to overrule Chaplain Price's decision in that regard. Accordingly, this Court finds no clear

---

[2]To the extent that the plaintiff asserts a claim against Holyfield in her official capacity, such claim is barred by sovereign immunity. See infra pages 6-7.

10

error in the recommendation that the plaintiff's claims against Mavis Holyfield must be dismissed.

    3.  Claims Against Brian Price and Michelle Spears

        a.  RLUIPA Claims

The plaintiff does not object to the magistrate judge's finding that his claims under the Religious Land Use and Institutionalized Person Act of 2000 ("RLUIPA") must be dismissed and this Court finds no clear error in that determination. Section 2000cc-1 of RLUIPA includes a section for the protection of religious exercise for institutionalized persons. However, RLUIPA defines an institution as "any facility or institution which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State . . . ." 42 U.S.C. § 1997(1)(A). The protections afforded to institutionalized persons under RLUIPA apply only to those inmates who are incarcerated at state or local facilities. Because the plaintiff is incarcerated at a federal facility, he does not have a cause of action under RLUIPA.

        b.  First Amendment Claims

            i. Plaintiff's Removal from the Kosher Meal Program

Magistrate Judge Kaull recommends that summary judgment be granted in favor of defendants Price and Spears on the plaintiff's First Amendment claims because the plaintiff's removal from the kosher diet program was reasonably related to legitimate

11

penological interests.  The rights guaranteed by the Free Exercise Clause of the First Amendment extend to a prison inmate to the extent that those rights "are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). Thus, a prison regulation or decision which impinges on a prisoner's right to free exercise of religion will be upheld as valid only if it is "reasonably related" to a legitimate penological interest. Turner v. Safley, 482 U.S. 78, 89 (1987).

In Turner, the Court set forth the following four factors which courts are to consider in determining whether a prison regulation or decision is constitutionally permissible: (1) whether there is a rational connection between the regulation and the legitimate government interest invoked to justify it; (2) whether the inmate has an alternative means of exercising the right in question; (3) the impact that accommodation of the asserted right would have on prison officials, other inmates, and the allocation of prison resources; and (4) whether there is a ready alternative that would fully accommodate the inmate's rights. Id. at 79-80. When applying the Turner factors, furthermore, the Court is to "respect the determinations of prison officials." United States v. Stotts, 925 F.2d 83, 86 (4th Cir. 1991).  Moreover, once prison officials establish a legitimate penological interest to justify their action, the burden remains with the inmate to show that these

12

interests were irrational. Ford v. McGinnis, 352 F.3d 582, 595 (2d Cir. 2003). "Implicit in the Turner approach is the principle that the four-factor analysis applies only after it is determined that the policy impinges on a First Amendment right." Ali v. Dixon, 912 F.2d 86, 89 (4th Cir. 1990). Thus, the plaintiff must first show that his belief is sincere and also that his claims are rooted in that religious belief and not in "purely secular" concerns. Wisconsin v. Yoder, 406 U.S. 205, 215-16 (1972).

In this case, the magistrate judge assumed for the purposes of his report and recommendation on the defendants' motion to dismiss or for summary judgment, that the plaintiff's religious beliefs are sincerely held. This Court assumes the same. The plaintiff does not object to the magistrate judge's determination as to prongs 1, 3, and 4 of the Turner analysis. Rather, the plaintiff objects the determination that, under prong 2, he had an alternate means of exercising his religious dietary beliefs. Specifically, the plaintiff objects that he could not be accommodated by self-selecting from the main-line component of the meal program.[3]

---

[3]The plaintiff also argues that the defendants have violated his right to free exercise of religion because they have committed various violations of internal BOP policy. Specifically, the plaintiff contends that: the defendants did not notify him within 24 hours of discovering that the plaintiff had violated the kosher diet program by purchasing non-kosher foods; Chaplain Price required a written interview on plaintiff's application for reinstatement rather than an oral one; and the BOP rules provide that an inmate will be removed from the kosher diet program only temporarily for making prohibited food purchases. Assuming, for the sake of argument, that the defendants violated internal

13

The plaintiff's objection as to the "alternative means" prong does not tip the balance of the Turner factors in this case. Although the self-select portion of the main line component includes a salad bar/no-flesh component, the plaintiff is correct that it does not contain certified kosher foods because the utensils and meal preparations are not kosher. Nonetheless, the self-select component does permit the plaintiff to avoid certain foods that do not comport with his religious beliefs. The fact that the alternative means available to the plaintiff for exercising his religious dietary preferences is imperfect does not compel a finding that the plaintiff's removal from the kosher dietary program was unreasonable. Rather, this Court agrees with the magistrate judge that there is a rational relationship between the BOP policy of removing an inmate from the certified processed meal component for a violation of the program. Accordingly, this Court finds that because the plaintiff's removal from the kosher diet program was reasonably related to legitimate penological interests, the plaintiff has failed to establish a First Amendment violation and the defendants are entitled to judgment as a matter of law on this claim.[4]

---

procedures in handling the plaintiff's removal from and reinstatement to the kosher diet program, the violations as alleged by the plaintiff do not rise to a constitutional level.

[4]Further, to the extent that the plaintiff's complaint seeks injunctive relief reinstating him to the kosher diet program, such claim is denied as moot because, as stated above, the plaintiff has

ii. <u>Serving Non-Kosher Lunch Bags During Mock-Lockdowns</u>

The plaintiff claims that the defendants' failure to serve kosher lunch bags on two occasions during mock-lockdowns violated his First Amendment rights to free exercise of religion. Magistrate Judge Kaull found that the plaintiff failed to state a claim on the face of his pleadings as to this issue because the failure to provide inmates with one or two religious meals does not rise to the level of a constitutional claim. The plaintiff contends that BOP's institutional policies give him the right to receive kosher meals during mock-lockdowns.

Assuming, for the sake of argument, that BOP policy did provide that prisoners should continue to be served kosher meals during actual or simulated emergency situations, the denial of kosher meals on only two isolated occasions does not rise to the level of constitutional violation. In the two instances that the plaintiff did not receive a kosher lunch, he had an alternative means of exercising his religious beliefs (i.e. he could have elected not to eat the contents of the lunch bag). Accordingly, defendants Price and Spears are entitled to judgment as a matter of law on this claim.

    c. <u>Retaliation Claims</u>

The plaintiff alleges that defendant Price removed him from the kosher diet program in retaliation against him for filing

---

been reinstated to the program.

grievances and complaints about the lack of kosher lunch bags during mock-lockdowns. Magistrate Judge Kaull recommends that the plaintiff's retaliation claims be dismissed for failure to state a claim because inmates do not have a constitutional right to participate in grievance procedures. The plaintiff objects that "the focus should not be upon the Grievance and Complaints procedures as a non-Constitutional Right, but instead, it should be upon the Religious Right of Plaintiff . . . ."

The plaintiff's objection is without merit. To establish a claim of retaliation in a prison context, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). In this case, the plaintiff had no constitutionally protected right to the grievance procedures that the alleged retaliatory act was taken in response to. Id. Additionally, it has been established above that the alleged retaliatory act (plaintiff's removal from the kosher diet program) did not violate his constitutional right to free exercise of religion. Thus, the plaintiff has failed to state a claim for retaliation.

   d. <u>Discrimination/Equal Protection Claims</u>

Magistrate Judge Kaull recommends that the defendants' motion for summary judgment be granted as to the plaintiff's discrimination/equal protection claim. The plaintiff contends that

Chaplain Price discriminated against him by requiring him to submit to an interview before a decision would be made on his reinstatement to the kosher diet program. The magistrate judge found that the plaintiff failed to establish that he was treated differently that other similarly situated inmates. Specifically, the magistrate judge determined that the plaintiff is not similarly situated to inmate Mitch Reisberg, to whom the plaintiff has compared himself. In his objections, the plaintiff offers the names of three other inmates in an attempt to show discrimination: Virgil Howard, John Barnhardt, and Andre Thomas.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The basic principle of equal protection is that similarly situated individuals must be treated the same by government officials. To survive a motion to dismiss or for summary judgment, the plaintiff must first demonstrate "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). If the plaintiff meets this initial requirement, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level

of scrutiny." Veney v. Wyche, 293 F.3d 726, 731 (4th Cir. 2002)(quoting Morrison, 239 F.3d at 654).

In this case, the plaintiff has not presented this Court with sufficient information to determine wether inmates Virgil Howard, John Barnhardt and Andre Thomas are similarly situated with the plaintiff.[5] Therefore, the plaintiff has failed to make the requisite showing that he was treated differently from any similarly situated inmate. Accordingly, the defendants are entitled to summary judgment on the plaintiff's equal protection claim.

## V. Conclusion

For the above-stated reasons, this Court hereby AFFIRMS and ADOPTS the magistrate judge's reports and recommendations. The plaintiff's "Motion for Preliminary Injunction" (Doc. No. 67) is DENIED and the defendants' motion to dismiss the motion for preliminary injunction (Doc. No. 80) is GRANTED. The plaintiff's motion for leave to file objections to the report and

---

[5] Indeed, the only materials this Court has received include (1) an "Affidavit of Truth" signed by inmate Barnhardt in which he avers that he was reinstated without an interview to the kosher diet program following a commissary violation, and (2) an "Inmate Request to Staff" form in which Chaplin Price approves inmate Barnhardt's request to be reinstated to the kosher diet program. These materials are insufficient to support a determination that the plaintiff and inmate Barnhardt are similarly situated because inmate Barnhardt's personal circumstances and history with regard to the kosher diet program are unknown. Moreover, this Court has received no information at all regarding inmates Virgil Howard and Andre Thomas.

recommendation in excess of the page limitation (Doc. No. 95) is GRANTED.  The defendant's motion to dismiss, or in the alternative, for summary judgment (Doc. No. 54) is GRANTED.  It is ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the plaintiff may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the plaintiff and counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     September 28, 2007

                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE