IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLAN A. PETERSEN,

  Plaintiff,

v.             Civil Action No. 5:06CV106
                  (STAMP)
BRIAN PRICE, MICHELLE SPEARS,
DOMINIC A. GUTIERREZ, SR.,
SUSAN McCLINTOCK and MAVIS HOLYFIELD,

  Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S NOTICE OF APPEAL AS UNTIMELY**

I. Background

On April 4, 2008, the above-styled civil action was remanded to this Court by the United States Court of Appeals for the Fourth Circuit for the limited purpose of ascertaining the timeliness or untimeliness of the notice of appeal filed by the plaintiff in this case. On remand, this Court directed the plaintiff to file a pleading on or before April 18, 2008, addressing the timeliness of his appeal. The defendants were directed to file any response on or before April 29, 2008. After the parties did not file pleadings addressing the issue of timeliness, this Court entered an order that it was unable to make any findings regarding the timeliness of the plaintiff's notice of appeal, except to note that, in the court's opinion, the plaintiff had failed to satisfy his burden of proof as to that issue.

Thereafter, however, the plaintiff filed a notice with both this Court and the United States Court of Appeals for the Fourth

Circuit stating that he did not receive this Court's order directing him to file a pleading addressing the timeliness of his appeal. In that notice, the plaintiff also provided certain information, including a copy of the notice of appeal, dated October 15, 2007, and two affidavits claiming that the plaintiff mailed his notice of appeal on October 15, 2007. Finding that this Court had not addressed the plaintiff's notice, the United States Court of Appeals for the Fourth Circuit again remanded the case for the limited purpose of determining the timeliness of the notice of appeal filed by the plaintiff in this case.

Because the defendants did not have the opportunity to respond to the plaintiff's notice, this Court ordered the defendants to file a response to the plaintiff's "Notice to the Fourth Circuit Court of Appeals and to the District Court of Northern West Virginia that Petitioner Received Not the Court Order Dated April 18, 2008, or Earlier Directing Petitioner to File a Pleading Addressing the Timeliness of His Appeal." The defendants filed a timely response in opposition.

For the reasons set forth below, this Court denies the plaintiff's notice of appeal as untimely.

## II. Discussion

Pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), a plaintiff who appeals a judgment to the United States Court of Appeals for the Fourth Circuit, involving a matter that includes the United States or its officer or agency as a party, must file a

2

notice of appeal with the Clerk of Court within sixty days after the date of the judgment. If the plaintiff is proceeding pro se[1] and is also confined in a federal institution, his notice of appeal is deemed filed at the time it is delivered to the institution's internal mail system:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.

Fed. R. App. P. 4(c)(1).

The appellant has the burden to "prove that necessary preconditions to the exercise of appellate jurisdiction-including the timely filing of a notice of appeal-have been fulfilled." Porchia v. Norris, 251 F.3d 1196, 1198 (8th Cir. 2001). "A prisoner who delivers a document to prison authorities gets the benefit of the prison mailbox rule, so long as he diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." Huizar v. Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (emphasis added).

Judgment in this matter was entered on September 28, 2007. Thus, pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B), the plaintiff had until November 27, 2007 to file his notice of appeal. The plaintiff's notice of appeal is postmarked December 3,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

2007, and was received by the United States Court of Appeals for the Fourth Circuit on December 7, 2007, beyond the sixty day time limitation proscribed by Federal Rules of Appellate Procedure.

Furthermore, this Court finds that the plaintiff has not otherwise established the timeliness of his appeal. The plaintiff has not demonstrated that he utilized the federal institution's legal mail system, or that he "diligently followed up" regarding the status of his appeal. Id. Although the plaintiff contends that he mailed his notice of appeal on October 15, 2007, and provides affidavits from both himself and a fellow inmate to this effect, there is no record of outgoing record of legal mail from the plaintiff to the Court during this time period. (Aff. James Crowe (June 30, 2009)). Accordingly, this Court holds that the plaintiff's notice of appeal is untimely.

### III. Conclusion

For the above-stated reasons, this Court DENIES the plaintiff's notice of appeal as untimely.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the plaintiff by certified mail, counsel of record herein and the United States Court of Appeals for the Fourth Circuit.

DATED: July 31, 2009

>　　　　　　　　　　　　　　　/s/ Frederick P. Stamp, Jr.
>　　　　　　　　　　　　　　　FREDERICK P. STAMP, JR.
>　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE